UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-68697

BONNIE POWELL,  Chapter 13

              Debtor.  Judge Thomas J. Tucker
_____/

**ORDER DISAPPROVING MARCH 27, 2018 STIPULATION REGARDING TRIAL MORTGAGE LOAN MODIFICATION AND CHAPTER 13 PLAN MODIFICATION**

On March 27, 2018, Select Portfolio Servicing, Inc., as servicing agent for EquiCredit Corporation of America (the "Mortgage Creditor"), filed a stipulation between the Debtor, the Mortgage Creditor, and the Chapter 13 Trustee entitled "Stipulation for Entry of Order Allowing Debtors to Enter into Trial Mortgage Loan Modification with Creditor, Select Portfolio Servicing, Inc. as Servicing Agent for EquiCredit Corporation of America, and Modifying Chapter 13 Plan" (Docket # 116, the "Stipulation"). The Mortgage Creditor also submitted the stipulated proposed order to the Court for entry.

The Court concludes that the proposed order that the Mortgage Creditor, the Trustee and the Debtor have stipulated to, if entered, would approve a plan modification that is impermissible, because the plan as modified would exceed the five-year limit in 11 U.S.C. § 1329(c). For this reason, the Court cannot approve the modification. *See, e.g., In re Jacobs*, 263 B.R. 39, 49-50 (Bankr. N.D.N.Y. 2001); *In re DeBerry*, 183 B.R. 716, 717-18 (Bankr. M.D.N.C. 1995); *In re Cutillo*, 181 B.R. 13, 16 (Bankr. N.D.N.Y. 1995).

Section 1329(c) provides:

> (c) A plan modified under this section may not provide for
> payments over a period that expires after the applicable
> commitment period under section 1325(b)(1)(B) after the time that

the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, **but the court may not approve a period that expires after five years after such time.**

11 U.S.C. § 1329(c) (emphasis added).

The stipulated proposed order would modify the Debtor's confirmed Chapter 13 Plan by, among other things, requiring continuing monthly payments for several more months by the Debtor to the Mortgage Creditor under Class 4.1 of the Plan, beginning effective January 2, 2018 (*see* Paragraphs 1(a), 2, and 5 of the proposed order attached to the Stipulation). The proposed Plan modification cannot be approved, because the Debtor's 60-month confirmed Plan in this case expired more than a year ago, in February 2017.[1] Under § 1329(c), the Court cannot approve any plan modification in this case that provides for payments by the Debtor after February 2017.

For these reasons, the Court must disapprove the Stipulation, and must decline to enter the stipulated proposed order.

Accordingly,

IT IS ORDERED that the Stipulation (Docket # 116) is disapproved.


**Signed on March 27, 2018**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

---

[1] The Debtor's plan was confirmed on February 8, 2012 (*see* Order Confirming Plan, Docket # 42), and the confirmed Plan provided for bi-weekly payments for 60 months (*see* Docket # 2).